The statute gives a steam railroad a legal right to protection against a parallel street railway until a court has judicially found such road to be of public convenience and necessity. New England R. Co. v. Central Ry. Elec. Co., 69 Conn. 47, 54; In re Shelton St. Ry. Co., ibid. *Page 36 
626, 631. For this reason the defendant was a necessary party to the plaintiff's application for a judicial finding, and as such entitled to raise all questions involved in the adjudication.
The trial judge had no power to make the finding asked, if in fact no parallel road was authorized; the legal right to construct such a road is a condition precedent to his action; it must be found; error in such a finding may be error in deciding a jurisdictional question, and reviewable upon appeal.
The claim urged by the plaintiff in argument, that the question stated in the record could not properly be raised upon the trial, nor upon this appeal, is unsound.
It is true, as claimed by the defendant, that the plaintiff has no authority to build this portion of its railway except as an entirety between the termini fixed by its charter, and that it has no right to build except upon the route described in the charter. But the trial court has found that the plaintiff intends to build the whole road and upon the prescribed route. There is no difficulty in ascertaining the charter location; the Southington terminus is a point in Main street described with sufficient certainty for the purpose of indicating a terminus. The position of the then existing Southington and Plantsville Electric Railway is used to indicate the position of the plaintiff's terminus in Main street. Connections between the two roads might or might not take place; under § 13 of its charter the plaintiff has the power, but it is not charged with the duty, of making such connection. These positions are not changed by an abandonment of the Plantsville railway, and there is nothing to prevent the plaintiff from now building its road in its entirety upon the route described in its charter.
The defendant's real contention seems to be, not that the plaintiff is unable or unwilling to construct its road between the prescribed termini, but that the inducing motive of the legislature, in authorizing a railroad from Plainville to Southington, was to connect Plantsville with Plainville by means of the Southington and Plantsville Electric Railway, and as the accomplishment of the purpose intended has been prevented *Page 37 
by the act of that road, a condition of the grant to the plaintiff to build from Plainville to Southington has failed and the grant has become void. Certainly the charter does not require the completion of such a connection, and there can therefore be no duty unperformed, and the alleged forfeiture must result from a privilege lost. We fail to see how such a controlling motive and unexpressed condition can be evolved from the language used in describing the location. A grant of this kind should undoubtedly be strictly construed; yet it should be construed, — not amended.
 There is no error.
In this opinion the other judges concurred.